UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELAINE L. CHAO**, <br> Secretary of the United States <br> Department of Labor <br> 200 Constitution Ave., N.W. <br> Washington, D.C. 20210, <br><br>       Plaintiff, <br><br>   v. <br><br> **THE UNION LABOR LIFE** <br> **INSURANCE COMPANY,** <br><br>       Defendant. | **Civil Action No.** |

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor (the "Secretary"), alleges:

### JURISDICTION AND VENUE

1.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq., and is brought by the Secretary to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in order to redress violations and obtain relief pursuant to the provisions of Title I of ERISA.

2.    This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.    Venue with respect to this action lies in the District of Columbia pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## PARTIES

4.    The Secretary has authority, under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enforce the provisions of Title I of ERISA by, among other things, the filing and prosecution of claims against persons who violate ERISA.

5.    Defendant, The Union Labor Life Insurance Company ("Union Labor Life"), is a registered insurance company under the laws of Maryland with a principal place of business at 1625 I Street, NW, Washington, D.C. 20006.  Union Labor Life is a wholly-owned subsidiary of ULLICO Inc.  At all times relevant to this complaint, Union Labor Life offered ERISA-covered plans the opportunity to invest in a pooled separate account known as "J for Jobs" ("Separate Account J").  Separate Account J invests in secured mortgages on real estate development projects that are built by union labor.  The sole investors in Separate Account J are ERISA-covered plans and all of the assets in the account are plan assets.  Union Labor Life, therefore, is a fiduciary under the terms of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

GENERAL ALLEGATIONS

6.    Union Labor Life is an insurance company that offers a variety of investment products to, among others, ERISA-covered employee benefit plans.  These plans, including plans covering employees of Union Labor Life and its affiliates, invest in group annuity contracts (GACs) offered by Union Labor Life. Through these GACs, plans invest in Separate Account J. Separate Account J itself invests in secured real estate mortgages on projects built by union workers.

7.    Union Labor Life obtains lending opportunities for Separate Account J through Union Labor Life's Real Estate Investment Group (REIG).  Union Labor Life, through REIG, generally negotiates and obtains construction and permanent mortgage loans for Separate Account J and for the benefit of its ERISA plan investors.  Union Labor Life represents that, in performing these functions, it acts as an agent of Separate Account J and the Account's plan investors.

8.    Because Separate Account J holds ERISA-covered plan assets, Union Labor Life is a fiduciary pursuant to ERISA § 3(21)(A), 29 § U.S.C. 1002(21)(A), and is therefore obligated to manage the Account's assets in accordance with ERISA's stringent fiduciary obligations.

9.    Because Union Labor Life is a fiduciary and a service provider to the ERISA plans invested in Separate Account J,

3

Union Labor Life is also a party in interest pursuant to ERISA § 3(14)(A) and (B), 29 U.S.C. § 1002(14)(A) and (B).

10.   At times relevant to this complaint, Union Labor Life received various fees in connection with its management of Separate Account J, the amounts of which were neither properly disclosed to plan fiduciaries independent of Union Labor Life nor specifically authorized by the plans or their fiduciaries. These fees included both fees taken directly from the Account, such as investment management fees, as well as a variety of loan-related fees paid by third party borrowers.

11.   ERISA plan fiduciaries may not use their authority over plan assets to set their own compensation.  Even if a fiduciary believes that it is taking no more than is reasonable for its services, it may not use its fiduciary authority to determine its own pay.  Instead, ERISA generally requires that another fiduciary -- one that has no financial stake in the compensation package -- determine the amount, timing, and nature of the compensation.  Similarly, an independent fiduciary must monitor the ongoing reasonableness of the fiduciary services in relation to the compensation.  Union Labor Life, by using its authority over plan assets to set its own compensation, violated ERISA §§ 404(a)(1)(A), 406(a)(1)(C),(D), and 406(b)(1)-(3), 29 U.S.C. §§ 1104(a)(1)(A), 1106(a)(1)(C),(D), and 1106(b)(1)-(3).

12.  At times relevant to this complaint, Union Labor Life unilaterally determined the specific amount of investment management fees and loan servicing fees that it would receive in connection with Separate Account J, and paid itself those fees from the Account's assets, without appropriate approval of plan fiduciaries independent of Union Labor Life.  The only apparent constraint on Union Labor Life's discretion with respect to these fees was a provision in the GACs that the investment management fees will not be more than 1.2 percent of the Account's assets.  Otherwise, the GACs allowed Union Labor Life to determine the amount and timing of its own compensation, without regard to whether the fees were reasonable, expressly authorized, or consistent with past practices.

13.  In addition to its investment management fees and loan servicing fees, Union Labor Life collects loan-related fees from third party borrowers dealing with Separate Account J.  These fees include, *inter alia*, application fees, loan commitment fees, construction administration fees, and lender inspection fees.  At times relevant to this Complaint, Union Labor Life collected these fees from third party borrowers in a manner that it unilaterally determined.  The amount and timing of these fees were determined by Union Labor Life without prior authorization by fiduciaries independent of Union Labor Life.

14.   Included in these fees were millions of dollars in
dropped commitment fees -- charges forfeited by lending
applicants who ultimately failed to go forward with the loans.
Union Labor Life kept all of the dropped commitment fees for
itself, even though Union Labor Life maintains that it acted
solely as an agent of the J Account in obtaining initial loan
commitments and even though the plans assumed virtually all of
the risk associated with funding loans that actually went
forward.

CLAIM FOR RELIEF

15.   Pursuant to Rule 10(c), Fed. R. Civ. P., the Secretary
adopts and incorporates by reference the averments and
allegations of paragraphs 1 through 14 inclusive as though fully
set forth.

16.   At all times relevant to this Complaint, Defendant was
a fiduciary to Separate Account J.  Since at least 1999,
Defendant violated its fiduciary duties to the ERISA plans that
invested in Separate Account J by, among other things, setting
its own direct and indirect compensation without proper
disclosure to, and authorization by, plan fiduciaries
independent of Union Labor Life.

17.   By its actions, Defendant failed to discharge its duty
to act solely in the interests of the participants and
beneficiaries to the ERISA plans invested in Separate Account J

6

in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and engaged in transactions specifically prohibited by ERISA §§ 406(a)(1)(C),(D) and 406(b)(1)-(3), 29 U.S.C. §§ 1106(a)(1)(C),(D) and 1106(b)(1)-(3)

    18.  As a result of these fiduciary breaches, Defendant caused the plans invested in the Account to suffer financial losses for which Defendant is liable under ERISA §§ 409(a)and 502(a)(2), 29 U.S.C. §§ 1109(a)and 1132(a)(2).  Additionally, the Defendant is liable for losses, injunctive and other appropriate equitable relief pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5).

PRAYER FOR RELIEF

WHEREFORE, the Secretary respectfully requests that the Court:

    19.  Order Defendant to restore to Separate Account J all losses suffered as a result of the ERISA violations described herein;

    20.  Order Defendant to disgorge any profits or benefits it received as a result of the violations contained in this Complaint;

    21.  Permanently enjoin Defendant from charging, accepting, or retaining any compensation, direct or indirect, in connection with Separate Account J except as fully disclosed and expressly agreed to by an authorized independent fiduciary for each ERISA-covered plan invested in the Separate Account;

7

22.   Permanently enjoin Defendant from retaining any
compensation from any party, with the exception of compensation
provided for in paragraph 21, above, in connection with Separate
Account J; and order Union Labor Life to immediately transfer to
Separate Account J all other fees and compensation obtained by
Union Labor Life from any source in connection with Separate
Account J; and

23.   Order such other and further relief as may be just and
equitable.

Respectfully submitted,

JONATHAN L. SNARE
Acting Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division

KRISTEN LINDBERG
Trial Attorney
United States Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, NW
Room N-4611
Washington, DC 20210
(202) 693-5600
(202) 693-5610 (fax)

8

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Elaine L. Chao, Secretary of the United States Department of Labor | The Union Labor Life Insurance Company |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ D.C. **(IN U.S. PLAINTIFF CASES ONLY)** NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| US Department of Labor Office of the Solicitor 200 Constitution Ave, NW, Room N-4611 Washington, DC 20210 (202) 693-5600 | The Groom Law Group 1701 Pennsylvania Avenue, NW Washington, DC 20006 Phone: 202-857-0620 |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

⦿ 1 U.S. Government Plaintiff

◯ 2 U.S. Government Defendant

◯ 3 Federal Question (U.S. Government Not a Party)

◯ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◯ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

◯ **A.  Antitrust**

☐ 410 Antitrust

◯ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◯ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◯ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◯ **E. General Civil (Other)**    **OR**    ◯ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○  **G.**  *Habeas Corpus/ 2255* | ○  **H.**  *Employment Discrimination* | ○  **I.**  *FOIA/PRIVACY ACT* | ○  **J.**  *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ◉  **K.**  *Labor/ERISA (non-employment)* | ○  **L.**  *Other Civil Rights (non-employment)* | ○  **M.**  *Contract* | ○  **N.**  *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

This case alleges violations of the prohibited transaction sections of ERISA, 29 U.S.C. Sec. 1001, et seq.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:**   YES ☐   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  11/16/07      SIGNATURE OF ATTORNEY OF RECORD  *V Lindberg*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELAINE L. CHAO,** | ) | **Civil Action No.** |
| Secretary of the United States | ) | |
| Department of Labor | ) | |
| 200 Constitution Ave., N.W. | ) | |
| Washington, D.C. 20210, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THE UNION LABOR LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT DECREE**
**BETWEEN THE SECRETARY OF LABOR AND**
**THE UNION LABOR LIFE INSURANCE COMPANY**

Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor ("Secretary"), and Defendant, The Union Labor Life Insurance Company ("Defendant"), have agreed to a settlement of the matters in controversy in this civil action and consent to the entry of this Consent Decree:

WHEREAS, the Secretary is responsible for the administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.;

1

WHEREAS, the Secretary conducted an investigation of the Defendant in connection with its receipt of fees associated with its management of a pooled separate account known as "J for Jobs" ("Separate Account J"), which contains ERISA plan assets;

WHEREAS, the Defendant is a fiduciary and party in interest with respect to the ERISA plan investors and the plan assets invested in Separate Account J;

WHEREAS, the Secretary alleges that Defendant, in connection with its management of Separate Account J, received various forms of fees and compensation, the amounts of which were neither properly disclosed to plan fiduciaries independent of ULLICO nor properly authorized by the plan investors;

WHEREAS, the Secretary alleges that, by receiving undisclosed fees and compensation, the Defendant set its own compensation in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and engaged in transactions prohibited by ERISA §§ 406(a)(1)(C) and (D), 29 U.S.C. §§ 1106(a)(1)(C) and (D), and ERISA §§ 406(b)(1)-(3), 29 U.S.C. §§ 1106(b)(1)-(3);

WHEREAS, the Defendant neither admits nor denies the allegations set forth in the Secretary's complaint;

WHEREAS, Defendant acknowledges service of the complaint and admits that the Court has jurisdiction over the parties and the subject matter of this action;

WHEREAS, upon consideration of the record, and as agreed to by the parties, the Court finds that it has jurisdiction over the parties and the subject matter of this civil action;

WHEREAS, the Secretary and the Defendant represent to the Court that this Consent Decree is the sole and complete memorialization of the agreement negotiated between them;

WHEREAS, the Secretary and Defendant expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Decree as a full and complete resolution of all of the civil claims and issues arising between them in this action without trial or adjudication of any issue of fact or law raised in the complaint;

THEREFORE, it is ORDERED, ADJUDGED AND DECREED that:

1.    This Court has jurisdiction over the parties to this Consent Decree and the subject matter of this civil action and is empowered to provide the relief herein.

2.    Defendant is hereby permanently enjoined:

(a)    to give full advance disclosure to each employee benefit plan that invests in Separate Account J of

3

all of the types and amounts of compensation that the Defendant, its employees, agents, or affiliates will charge or receive, directly from Separate Account J or indirectly from third parties, in connection with Separate Account J;

(b)  not to charge, accept, or retain any type of compensation, directly or indirectly, individually, or through any other entity or person, in connection with Separate Account J, unless the type and amount of compensation have been specifically disclosed to and approved by an appropriate fiduciary, independent of the Defendant;

(c)  except as provided in paragraph 2(b), to forward all compensation of any type received from any party in connection with Separate Account J to the Separate Account for the benefit of the ERISA plan investors; and

(d)  not to exercise any unilateral discretionary authority over the determination of the amount or type of compensation that it receives as a fiduciary or service provider to ERISA-covered

4

plans or otherwise to violate or participate in
any violation of ERISA.

3.  Defendant shall, within ten (10) business days of entry
of this Consent Decree, deliver to the appropriate independent
fiduciary of each employee benefit plan that is a current
investor in Separate Account J a notice in the form of Appendix A
to this Consent Decree.  The plan fiduciary's express acceptance
of the terms set forth in the notice, or its continued investment
in Separate Account J without objection after December 31, 2007,
shall be deemed to constitute proper notice and approval by the
fiduciary pursuant to paragraph 2(b) above.  Defendant's
compliance with the terms set forth in the notice shall not be
deemed to constitute a violation of paragraph 2 above.

4.  Defendant shall pay a total of $20,000,000 (twenty
million dollars) to fully settle the Secretary's claims against
Defendant as described above.  This amount includes a payment of
$16,666,666.66 to or for the benefit of the employee benefit
plans that had invested in Separate Account J at any time during
the period January 1, 1999 through October 31, 2007 (the
"Investing Plans") and a payment of $3,333,333.34 into escrow
pursuant to paragraph 6.

5

5.  Defendant shall make the payment of $16,666,666.66 to or for the benefit of the Investing Plans by the dates set forth below, and shall allocate or distribute such payment as follows:

(a)  The amount allocated to each Investing Plan shall equal the total sum of $16,666,666.66 multiplied by an allocation fraction for that Plan.  The numerator of the allocation fraction shall equal the sum of the Investing Plan's month-end balances in the Separate Account during the period January 1, 1999 through October 31, 2007, and the denominator of the allocation fraction shall equal the sum of all such Investing Plans' month-end balances in the Separate Account during that same period.

(b)  For Investing Plans that had a balance invested in Separate Account J as of October 31, 2007, the amount allocated to such Plan under subparagraph (a) shall be deposited to the Separate Account by the first business day of the calendar month that begins after entry of this Consent Decree (the "Record Date"), and such amount shall be credited to that Plan's interest in the Account.

6

(c)   For Investing Plans that no longer had a balance
      invested in Separate Account J as of October 31,
      2007, the amount allocated to such Plan under
      subparagraph (a) shall be paid directly to the
      Plan or its successor plan, if any.  These
      payments shall be made as soon as practicable on
      or after the date Defendant notifies such
      Investing Plans in writing of the amounts being
      allocated to them under this Consent Decree, but,
      in no event, later than January 31, 2008.  The
      written notice described in this paragraph shall
      be sent by Defendant no later than fifteen (15)
      business days after the Record Date.

(d)   Defendant shall provide the Secretary
      documentation, in a form acceptable to the
      Secretary, of all of the payments and allocations
      made pursuant to this decree within ten business
      days of each payment or allocation, or on such
      other disclosure schedule as mutually agreed to by
      the parties.  In the event that Defendant is
      unable to locate an Investing Plan identified
      pursuant to subparagraph (c) after diligent

7

efforts, or the Plan has ceased to exist without a successor, the payments that would otherwise have been made to that Plan will be reallocated to the other Investing Plans in accordance with the methodology set forth in subparagraph A as applied to these other Investing Plans, or in accordance with such other methodology as mutually agreed to by the parties.

6. Within ten (10) business days after entry of this Order, Defendant shall pay the sum of $3,333,333.34 to a fiduciary institution which shall hold the sum, and any interest thereon, less approved fees, as escrow agent pursuant to an appropriate escrow agreement entered into by the Defendant and the fiduciary institution. Both the terms of the agreement and the identity of the institution are subject to approval by the Secretary. The escrow account is to be held and applied toward payment of excise tax under 26 U.S.C. § 4975 and amounts that may be owed under 29 U.S.C. § 1132(l), as set forth below and in the escrow agreement.

7. The Secretary may make an assessment with respect to the amount described in paragraph 5, pursuant to 29 U.S.C. § 1132(l). However, the Secretary shall refrain from making such an

8

assessment prior to June 30, 2008 (the "Tolling Period") and any

such assessment shall be reduced by any amount actually paid by

the Defendant with respect to the subject matter of this action

under 26 U.S.C. § 4975, provided that the Defendant has waived

any further rights to contest or appeal the amount imposed under

26 U.S.C. § 4975.  Immediately upon assessment of any amount

pursuant to this paragraph and 29 U.S.C. § 1132(l), the Defendant

and the escrow agent shall ensure that funds held in escrow,

including any interest, shall be paid to:

> By regular U.S. mail:
>
> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 70942
> Charlotte, NC 28272-0942
>
> By overnight courier (i.e. FEDEX):
>
> U.S. Department of Labor
> QLP Wholesale Lockbox - NC0810
> Lockbox # 70942
> 1525 West WT Harris Blvd
> Charlotte, NC 28262

The Secretary may agree in her sole discretion to extend the

Tolling Period. The Defendant shall immediately notify the

Secretary of the payment of any assessment pursuant to 29 U.S.C.

§ 1132(l), and the payment shall be made solely from the escrow

account described in paragraph 6.  The Defendant shall not

contest its liability for the amount assessed in accordance with

9

this paragraph under 29 U.S.C. § 1132(l), and the Defendant's payment from the escrow shall be in full satisfaction of Defendant's obligation under 29 U.S.C. § 1132(l) with respect to the subject matter of this action.  Under no circumstance, shall any of the money held in escrow revert or be returned to the Defendant.

8.   Nothing in this Consent Decree shall be construed as a declaration by the signatories to this Order that any person not a signatory hereto has any defense or affirmative defense, any right or basis for contribution or indemnity or any other basis for recovery from Separate Account J, any person signatory hereto, or the Secretary.

9.   Nothing in this Consent Decree shall preclude the Secretary from initiating or continuing any audit or investigation, or from pursuing any claims or actions against any entities or persons other than the Defendant and its affiliates (as defined under 29 U.S.C. § 1107(d)(7)) and their respective officers, employees and directors, past and present (the "Defendant Released Parties") concerning the facts set forth in her complaint.

10.   Provisions of this Order requiring notice to the
Defendant shall be satisfied by delivering it in writing to the
Defendant in care of:

      Teresa E. Valentine
      Vice President, General Counsel,
      and Assistant Secretary
      The Union Labor Life Insurance Company
      1625 I Street, N.W.
      Washington, D.C. 20006
      Phone: (202)962-8996
      Fax:  (202) 682-6784

With a duplicate delivered to:

      Jeffrey A. Mishkin
      Skadden, Arps, Slate, Meagher & Flom, LLP
      Four Times Square
      New York, NY 10036
      Phone:  (212) 735-3230
      Fax:  (917) 777-3230

Provisions of this Order requiring notice to the Secretary shall
be satisfied by delivering the notice in writing to:

      Mabel Capolongo
      Director, Philadelphia Regional Office
      Employee Benefits Security Administration
      U.S. Department of Labor
      1335 East-West Highway, Suite 200
      Silver Spring, MD  20910-3225
      Phone:  (301) 713-2000
      Fax:    (301) 713-2008

with a duplicate delivered to:

      Timothy Hauser
      Associate Solicitor
      Plan Benefits Security Division
      U.S. Department of Labor
      200 Constitution Avenue, N.W., Room N-4611

Washington, DC  20210
Phone:    (202)693-5600
Fax:      (202)693-5610

Delivery shall be made by facsimile transmission or reliable
overnight express courier service.  The parties to this Order
may, as they deem necessary, change from time to time the
designation of persons to receive notice on their behalf by
filing with the Court notification of such change and serving a
copy thereof on the other party or parties to this Order, by
delivery to the address to which notice would be sent.

    11.  This Order constitutes a full, final, and complete
judicial resolution of all of the civil claims alleged in the
Secretary's complaint against the Defendant in this action.  All
such claims, and all civil claims or potential civil claims of
the Secretary against the Defendant Released Parties that relate
in any manner to the transactions, acts or omissions alleged in
the Secretary's complaint, are hereby released and settled.
Neither the Secretary nor the Defendant Released Parties waive
any claims against any other persons.  The Secretary's claims for
monetary and injunctive relief and the Defendant's claims for
monetary and equitable relief against any such other persons are
expressly preserved.  Nothing in this order is, nor is to be
construed as, an admission or acknowledgment that any person or

12

entity is in any way released from any liability or wrongdoing except for the Defendant Released Parties who are released as described herein.

12.   Defendant and, where applicable, its employees, agents, beneficiaries, representatives, assigns, and successors in interest, including all of the Defendant Released Parties, do hereby release the Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims, and demands of whatsoever nature, including those arising under any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation incident thereto, including, but not limited to, claims for costs, fees or other expenses under the Equal Access to Justice Act as amended.

13.   The Secretary and Defendant shall bear their own costs, expenses, and attorney's fees in connection with this action (except for the fees of the escrow agent, which shall be paid from the escrow).

14.   This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Consent Decree.

13

15. By entering into this Consent Decree, Defendant represents that it has been informed by Counsel of the effect and purpose of this Decree and agrees to be bound by its terms. Defendant expressly represents that it will abide by any further orders of this Court, subject to its right to appeal from such orders. This Order is not binding on any governmental agency other than the United States Department of Labor.

16. Defendant expressly acknowledges and represents that it has read this Consent Decree and understands its provisions. All undersigned attorneys expressly acknowledge and represent that they are authorized and empowered to execute this Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Order.

17. This Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

18. The Court finds that there is no just reason to delay the entry of this Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Order.


ENTERED: _____    _____
                                 United States District Judge

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of this Order:

    FOR PLAINTIFF ELAINE L. CHAO
    Secretary of Labor

    JONATHAN L. SNARE
    Acting Solicitor of Labor

    TIMOTHY D. HAUSER
    Associate Solicitor
    Plan Benefits Security Division


    Timothy D. Hauser
    Associate Solicitor
    Plan Benefits Security Division
    Office of the Solicitor
    U.S. Department of Labor
    200 Constitution Avenue, N.W.
    Room N-4611
    Washington, DC  20210
    Phone:  (202)693-5600
    Fax:    (202)693-5610


    FOR DEFENDANT THE UNION LABOR LIFE INSURANCE COMPANY


    Teresa Valentine
    Vice President, General Counsel,
    and Assistant Secretary
    The Union Labor Life Insurance Company
    1625 I Street, N.W.
    Washington, D.C. 20006
    Phone:  (202)962-8996
    Fax:    (202)682-6784

15

## APPENDIX "A" TO CONSENT DECREE

THE UNION LABOR LIFE INSURANCE COMPANY
1625 I Street, N.W.
Washington, D.C. 20006

[Investor Name]
[Investor Address]

Re:  [Name of Investor]'s Investment in Separate Account J for Jobs

Dear _____:

The Group Annuity Contract under which you have invested in Separate Account J authorizes an investment management fee and also permits deduction from the Account of the Account's direct expenses.  Effective January 1, 2008, the fees and expenses for Separate Account J will be simplified as follows.

- Union Labor Life will be paid an investment management fee.  The rate for this fee, expressed on an annual basis, will be [__] basis points of the first $100 million of your plan's assets invested in the Account and [__] basis points on assets in excess of $100 million (or such other fee to which you and Union Labor Life agree).  This asset-based fee will be calculated and collected monthly, in arrears, through the redemption of a portion of your units in the Account.

- Union Labor Life also will be paid a fund servicing fee.  The rate for this fee, expressed on an annual basis, will be [__] basis points of the assets of the Account.  This asset-based fee will be calculated monthly, deducted directly from the Account and reflected in the unit value.

- All non-refundable fees paid to Union Labor Life by loan applicants or borrowers in connection with loans committed to or made by the Separate Account will be paid into the Account.  (Some of these fees were previously retained by Union Labor Life as compensation for services or reimbursement of expenses.)  These fees will be credited to the Separate Account and reflected in the unit value.  When borrower-paid fees are held in escrow pending a loan funding, non-refundable interest earned on the escrow account likewise will be credited to the Separate Account and reflected in the unit value.

- Direct expenses incurred by the Account and payable to third parties will continue to be deducted from the Account and reflected in the unit value.  These expenses

may include, but are not limited to, construction loan inspection costs, real estate brokerage fees, custody fees, and appraisal, accounting and legal fees.

**Your continued investment in the Account after December 31, 2007 will be treated as your acceptance of this revised fee arrangement.** However, to complete your records and ours, we ask you to sign and return to us a copy of this letter memorializing this new fee arrangement. Finally, if for any reason you object to the new fee arrangement, please let us know by December 31, 2007.

Sincerely yours,

_____
[Title]

Accepted:

By: _____
Print Name:_____
Title:_____

Date: _____

2