UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELAINE L. CHAO,**<br>Secretary of the United States<br>Department of Labor<br>200 Constitution Ave., N.W.<br>Washington, D.C. 20210,<br><br>          Plaintiff,<br><br>     v.<br><br>**THE UNION LABOR LIFE<br>INSURANCE COMPANY,**<br><br>          Defendant. | Civil Action No. 07 2089<br><br>FILED<br><br>NOV 2 0 2007<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**CONSENT DECREE
BETWEEN THE SECRETARY OF LABOR AND
THE UNION LABOR LIFE INSURANCE COMPANY**

Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor ("Secretary"), and Defendant, The Union Labor Life Insurance Company ("Defendant"), have agreed to a settlement of the matters in controversy in this civil action and consent to the entry of this Consent Decree:

WHEREAS, the Secretary is responsible for the administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.;

1

WHEREAS, the Secretary conducted an investigation of the Defendant in connection with its receipt of fees associated with its management of a pooled separate account known as "J for Jobs" ("Separate Account J"), which contains ERISA plan assets;

WHEREAS, the Defendant is a fiduciary and party in interest with respect to the ERISA plan investors and the plan assets invested in Separate Account J;

WHEREAS, the Secretary alleges that Defendant, in connection with its management of Separate Account J, received various forms of fees and compensation, the amounts of which were neither properly disclosed to plan fiduciaries independent of ULLICO nor properly authorized by the plan investors;

WHEREAS, the Secretary alleges that, by receiving undisclosed fees and compensation, the Defendant set its own compensation in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and engaged in transactions prohibited by ERISA §§ 406(a)(1)(C) and (D), 29 U.S.C. §§ 1106(a)(1)(C) and (D), and ERISA §§ 406(b)(1)-(3), 29 U.S.C. §§ 1106(b)(1)-(3);

WHEREAS, the Defendant neither admits nor denies the allegations set forth in the Secretary's complaint;

2

WHEREAS, Defendant acknowledges service of the complaint and admits that the Court has jurisdiction over the parties and the subject matter of this action;

WHEREAS, upon consideration of the record, and as agreed to by the parties, the Court finds that it has jurisdiction over the parties and the subject matter of this civil action;

WHEREAS, the Secretary and the Defendant represent to the Court that this Consent Decree is the sole and complete memorialization of the agreement negotiated between them;

WHEREAS, the Secretary and Defendant expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Decree as a full and complete resolution of all of the civil claims and issues arising between them in this action without trial or adjudication of any issue of fact or law raised in the complaint;

THEREFORE, it is ORDERED, ADJUDGED AND DECREED that:

1.  This Court has jurisdiction over the parties to this Consent Decree and the subject matter of this civil action and is empowered to provide the relief herein.

2.  Defendant is hereby permanently enjoined:

    (a)  to give full advance disclosure to each employee benefit plan that invests in Separate Account J of

3

all of the types and amounts of compensation that the Defendant, its employees, agents, or affiliates will charge or receive, directly from Separate Account J or indirectly from third parties, in connection with Separate Account J;

(b)   not to charge, accept, or retain any type of compensation, directly or indirectly, individually, or through any other entity or person, in connection with Separate Account J, unless the type and amount of compensation have been specifically disclosed to and approved by an appropriate fiduciary, independent of the Defendant;

(c)   except as provided in paragraph 2(b), to forward all compensation of any type received from any party in connection with Separate Account J to the Separate Account for the benefit of the ERISA plan investors; and

(d)   not to exercise any unilateral discretionary authority over the determination of the amount or type of compensation that it receives as a fiduciary or service provider to ERISA-covered

4

plans or otherwise to violate or participate in
any violation of ERISA.

3.   Defendant shall, within ten (10) business days of entry
of this Consent Decree, deliver to the appropriate independent
fiduciary of each employee benefit plan that is a current
investor in Separate Account J a notice in the form of Appendix A
to this Consent Decree.  The plan fiduciary's express acceptance
of the terms set forth in the notice, or its continued investment
in Separate Account J without objection after December 31, 2007,
shall be deemed to constitute proper notice and approval by the
fiduciary pursuant to paragraph 2(b) above.  Defendant's
compliance with the terms set forth in the notice shall not be
deemed to constitute a violation of paragraph 2 above.

4.   Defendant shall pay a total of $20,000,000 (twenty
million dollars) to fully settle the Secretary's claims against
Defendant as described above.  This amount includes a payment of
$16,666,666.66 to or for the benefit of the employee benefit
plans that had invested in Separate Account J at any time during
the period January 1, 1999 through October 31, 2007 (the
"Investing Plans") and a payment of $3,333,333.34 into escrow
pursuant to paragraph 6.

5

5.  Defendant shall make the payment of $16,666,666.66 to or for the benefit of the Investing Plans by the dates set forth below, and shall allocate or distribute such payment as follows:

(a)  The amount allocated to each Investing Plan shall equal the total sum of $16,666,666.66 multiplied by an allocation fraction for that Plan.  The numerator of the allocation fraction shall equal the sum of the Investing Plan's month-end balances in the Separate Account during the period January 1, 1999 through October 31, 2007, and the denominator of the allocation fraction shall equal the sum of all such Investing Plans' month-end balances in the Separate Account during that same period.

(b)  For Investing Plans that had a balance invested in Separate Account J as of October 31, 2007, the amount allocated to such Plan under subparagraph (a) shall be deposited to the Separate Account by the first business day of the calendar month that begins after entry of this Consent Decree (the "Record Date"), and such amount shall be credited to that Plan's interest in the Account.

6

(c)    For Investing Plans that no longer had a balance
       invested in Separate Account J as of October 31,
       2007, the amount allocated to such Plan under
       subparagraph (a) shall be paid directly to the
       Plan or its successor plan, if any.  These
       payments shall be made as soon as practicable on
       or after the date Defendant notifies such
       Investing Plans in writing of the amounts being
       allocated to them under this Consent Decree, but,
       in no event, later than January 31, 2008.  The
       written notice described in this paragraph shall
       be sent by Defendant no later than fifteen (15)
       business days after the Record Date.

(d)    Defendant shall provide the Secretary
       documentation, in a form acceptable to the
       Secretary, of all of the payments and allocations
       made pursuant to this decree within ten business
       days of each payment or allocation, or on such
       other disclosure schedule as mutually agreed to by
       the parties.  In the event that Defendant is
       unable to locate an Investing Plan identified
       pursuant to subparagraph (c) after diligent

7

efforts, or the Plan has ceased to exist without a
successor, the payments that would otherwise have
been made to that Plan will be reallocated to the
other Investing Plans in accordance with the
methodology set forth in subparagraph A as applied
to these other Investing Plans, or in accordance
with such other methodology as mutually agreed to
by the parties.

6.  Within ten (10) business days after entry of this
Order, Defendant shall pay the sum of $3,333,333.34 to a
fiduciary institution which shall hold the sum, and any interest
thereon, less approved fees, as escrow agent pursuant to an
appropriate escrow agreement entered into by the Defendant and
the fiduciary institution.  Both the terms of the agreement and
the identity of the institution are subject to approval by the
Secretary.  The escrow account is to be held and applied toward
payment of excise tax under 26 U.S.C. § 4975 and amounts that may
be owed under 29 U.S.C. § 1132(l), as set forth below and in the
escrow agreement.

7.  The Secretary may make an assessment with respect to the
amount described in paragraph 5, pursuant to 29 U.S.C. § 1132(l).
However, the Secretary shall refrain from making such an

8

assessment prior to June 30, 2008 (the "Tolling Period") and any

such assessment shall be reduced by any amount actually paid by

the Defendant with respect to the subject matter of this action

under 26 U.S.C. § 4975, provided that the Defendant has waived

any further rights to contest or appeal the amount imposed under

26 U.S.C. § 4975.  Immediately upon assessment of any amount

pursuant to this paragraph and 29 U.S.C. § 1132(l), the Defendant

and the escrow agent shall ensure that funds held in escrow,

including any interest, shall be paid to:

> By regular U.S. mail:
>
> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 70942
> Charlotte, NC 28272-0942
>
> By overnight courier (i.e. FEDEX):
>
> U.S. Department of Labor
> QLP Wholesale Lockbox - NC0810
> Lockbox # 70942
> 1525 West WT Harris Blvd
> Charlotte, NC 28262

The Secretary may agree in her sole discretion to extend the

Tolling Period. The Defendant shall immediately notify the

Secretary of the payment of any assessment pursuant to 29 U.S.C.

§ 1132(l), and the payment shall be made solely from the escrow

account described in paragraph 6.  The Defendant shall not

contest its liability for the amount assessed in accordance with

9

this paragraph under 29 U.S.C. § 1132(l), and the Defendant's payment from the escrow shall be in full satisfaction of Defendant's obligation under 29 U.S.C. § 1132(l) with respect to the subject matter of this action.  Under no circumstance, shall any of the money held in escrow revert or be returned to the Defendant.

   8.   Nothing in this Consent Decree shall be construed as a declaration by the signatories to this Order that any person not a signatory hereto has any defense or affirmative defense, any right or basis for contribution or indemnity or any other basis for recovery from Separate Account J, any person signatory hereto, or the Secretary.

   9.   Nothing in this Consent Decree shall preclude the Secretary from initiating or continuing any audit or investigation, or from pursuing any claims or actions against any entities or persons other than the Defendant and its affiliates (as defined under 29 U.S.C. § 1107(d)(7)) and their respective officers, employees and directors, past and present (the "Defendant Released Parties") concerning the facts set forth in her complaint.

10

10.  Provisions of this Order requiring notice to the
Defendant shall be satisfied by delivering it in writing to the
Defendant in care of:

> Teresa E. Valentine
> Vice President, General Counsel,
> and Assistant Secretary
> The Union Labor Life Insurance Company
> 1625 I Street, N.W.
> Washington, D.C. 20006
> Phone: (202)962-8996
> Fax:   (202) 682-6784

With a duplicate delivered to:

> Jeffrey A. Mishkin
> Skadden, Arps, Slate, Meagher & Flom, LLP
> Four Times Square
> New York, NY 10036
> Phone:  (212) 735-3230
> Fax:    (917) 777-3230

Provisions of this Order requiring notice to the Secretary shall
be satisfied by delivering the notice in writing to:

> Mabel Capolongo
> Director, Philadelphia Regional Office
> Employee Benefits Security Administration
> U.S. Department of Labor
> 1335 East-West Highway, Suite 200
> Silver Spring, MD  20910-3225
> Phone:  (301) 713-2000
> Fax:    (301) 713-2008

with a duplicate delivered to:

> Timothy Hauser
> Associate Solicitor
> Plan Benefits Security Division
> U.S. Department of Labor
> 200 Constitution Avenue, N.W., Room N-4611

11

Washington, DC  20210
Phone:   (202)693-5600
Fax:     (202)693-5610

Delivery shall be made by facsimile transmission or reliable

overnight express courier service.  The parties to this Order

may, as they deem necessary, change from time to time the

designation of persons to receive notice on their behalf by

filing with the Court notification of such change and serving a

copy thereof on the other party or parties to this Order, by

delivery to the address to which notice would be sent.

11.  This Order constitutes a full, final, and complete

judicial resolution of all of the civil claims alleged in the

Secretary's complaint against the Defendant in this action.  All

such claims, and all civil claims or potential civil claims of

the Secretary against the Defendant Released Parties that relate

in any manner to the transactions, acts or omissions alleged in

the Secretary's complaint, are hereby released and settled.

Neither the Secretary nor the Defendant Released Parties waive

any claims against any other persons.  The Secretary's claims for

monetary and injunctive relief and the Defendant's claims for

monetary and equitable relief against any such other persons are

expressly preserved.  Nothing in this order is, nor is to be

construed as, an admission or acknowledgment that any person or

12

entity is in any way released from any liability or wrongdoing

except for the Defendant Released Parties who are released as

described herein.

12.    Defendant and, where applicable, its employees, agents,

beneficiaries, representatives, assigns, and successors in

interest, including all of the Defendant Released Parties, do

hereby release the Secretary and her officers, agents, attorneys,

employees, and representatives, both in their individual and

governmental capacities, from all actions, claims, and demands of

whatsoever nature, including those arising under any statute,

rule or regulation, that relate in any manner to the filing,

prosecution, and maintenance of this civil action or any other

proceeding or investigation incident thereto, including, but not

limited to, claims for costs, fees or other expenses under the

Equal Access to Justice Act as amended.

13.    The Secretary and Defendant shall bear their own costs,

expenses, and attorney's fees in connection with this action

(except for the fees of the escrow agent, which shall be paid

from the escrow).

14.    This Court shall retain jurisdiction over the parties

and subject matter of this action for the purpose of enforcing

the terms of this Consent Decree.

13

15.  By entering into this Consent Decree, Defendant represents that it has been informed by Counsel of the effect and purpose of this Decree and agrees to be bound by its terms. Defendant expressly represents that it will abide by any further orders of this Court, subject to its right to appeal from such orders.  This Order is not binding on any governmental agency other than the United States Department of Labor.

16.  Defendant expressly acknowledges and represents that it has read this Consent Decree and understands its provisions. All undersigned attorneys expressly acknowledge and represent that they are authorized and empowered to execute this Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Order.

17.  This Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

18.  The Court finds that there is no just reason to delay the entry of this Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Order.

ENTERED:  __11/19/07__       _Ellen S Huvelle_
                                United States District Judge

The parties, by themselves or their undersigned Counsel,

hereby consent to the entry of this Order:

FOR PLAINTIFF ELAINE L. CHAO
Secretary of Labor

JONATHAN L. SNARE
Acting Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division


Timothy D. Hauser
Associate Solicitor
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Room N-4611
Washington, DC  20210
Phone:   (202)693-5600
Fax:     (202)693-5610


FOR DEFENDANT THE UNION LABOR LIFE INSURANCE COMPANY


Teresa Valentine
Vice President, General Counsel,
and Assistant Secretary
The Union Labor Life Insurance Company
1625 I Street, N.W.
Washington, D.C. 20006
Phone:   (202)962-8996
Fax:     (202)682-6784

15